IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01763-BNB
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

JAMES M. BERTOLO,
DAVID BRYAN,
RICHARD SALAS,
JOSEPH LUJAN,
TIMOTHY MOSES,
WILLIAM ENGLAND,
DAVID HERRING,
MICHAEL HALEY,
BOBBY REMY,
ALAN MOUNT,
ROSS ALLEY,
CHARLES ELLIS,
GORDON REUELL,
KEITH CLASS,
KEITH MORRIS,
SAMMY RODRIGUEZ,
ROBERT BELLM,
EDWARD WILLIAMS,
PATRICK CASTLE,
TOBIAS AGUIRE,
ROBERT BRADY,
CHARLES PARRISH,
QUENTIN WATERS,
ALBINO MONTOYA,
ALEX VALDEZ, and
SCOTT STUART (STEWART), as representatives of themselves and all others
        similarly situated in this class action,

        Plaintiffs,

v.

JOHN HICKENLOOPER, Governor Colorado,
GLEN TAPIA, M.P.A. Offices of Community Corrections,
TOM CLEMENTS, Director, Colorado Department of Corrections,
COLORADO DEPARTMENT OF CORRECTIONS, Facilities, Programs, Staff, Medical
        Staff, Censorship Staff, Staff in General, Committees,
CTCF,

CTCF SEX OFFENDER TREATMENT MANAGEMENT BOARD (SOTMP),
ROBBIE BOLTON,
HONORABLE THOMAS KENNEDY, Chairman, Sex Offender Management Board
    (SOMB),
DIRECTORS CONTRACT WORKERS,
ALL CDOC CURRENT AND FORMER READING COMMITTEE MEMBERS,
ALL FORMER AND CURRENT MAIL ROOM STAFF FOR CDOC, CTCF,
ALL CDOC DIRECTORS STAFF OF PROGRAMS/ACTIVITIES/RECREATIONAL
    WORKERS, and
JOHN AND JANE DOES, and Certain CTCF, CDOC staff to be named,

    Defendants.

ORDER DENYING PERMISSIVE JOINDER,
DISMISSING PLAINTIFFS OTHER THAN JAMES BERTOLO,
AND DIRECTING PLAINTIFF BERTOLO TO CURE DEFICIENCIES

    Plaintiff, James Bertolo, and twenty-five other Plaintiffs, all of whom are in the custody of the Colorado Department of Corrections (DOC) at the Colorado Territorial Correctional Facility (CTCF) in Canón City, Colorado, have filed a "Class Action Prisoner's Complaint" (ECF No. 1). Plaintiffs claim that their rights under the United States Constitution, Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12132 (2011), and § 504 of the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 794, have been violated. Most of the named plaintiffs have signed the Complaint. Mr. Bertolo has filed a "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). Eleven of the named Plaintiffs have filed inmate account statements in support of Mr. Bertolo's § 1915 Motion. The Plaintiffs, *pro se*, seek to proceed as class representatives for a putative class of all sex offenders and disabled persons incarcerated in the DOC.

## I. Class Certification

A prerequisite for class action certification is a finding by a court that the representative party can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Because a layperson ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a *pro se* litigant. See 7A Wright, Miller & Kane, **Federal Practice and Procedure** Civil 3d § 1769.1 & n.13 (3d ed. 2005 & Supp. 2009); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (*pro se* prisoners are not adequate representatives for a class). The Tenth Circuit has held that while a *pro se* litigant may assert his own claims in federal court, his competence as a layperson is too limited to protect the rights of others. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see also Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992) (holding that "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action")(citations omitted). The Court also must take note of the logistical and administrative constraints *pro se* inmate litigants experience, which severely restricts their ability to investigate class claims and contact class members. Because the putative class representatives are proceeding *pro se*, the Court finds that class certification is inappropriate.

## II. Joinder of Plaintiffs

In *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), the Supreme Court held that "[u]nder the Rules, the impulse is toward entertaining the

broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." 383 U.S. at 724 (footnote omitted). Consistent with this policy, Fed. R. Civ. P 20(a), which provides for the joinder of parties,[1] should be liberally construed in the interest of convenience and judicial economy. **Swan v. Ray**, 293 F.3d 1252, 1253 (11th Cir. 2002).  Notwithstanding the liberal application of Rule 20, unrelated claims and defendants should not be joined in a single lawsuit.  *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); **Coughlin v. Rogers**, 130 F.3d 1348, 1350-51 (9th Cir. 1997); *accord Trail Realty Inc. v. Beckett,* 462 F.2d 396, 399–400 (10th Cir.1972) (explaining that Rule 20 does not authorize a plaintiff to "incorporate into an existing action a different action against different parties and presenting entirely different factual and legal issues.").  A multiple plaintiff suit does not pass the two-part test of Rule 20(a)(1) where each plaintiff provides a different factual background, giving rise to the joint cause of action. **Coughlin**, 130 F.3d at1350; **Abdelkarim v. Gonzales**, No. 06-14436, 2007 WL 1284924, *4-5 (E.D.Mich. Apr.30, 2007).  In the case of improvident joinder, Fed. R. Civ. P. 21 allows the Court on its own, at any time, and on just terms to drop a party.

The Complaint in this action is brought by twenty-six Plaintiffs and comprises more than one lawsuit.  Some of the Plaintiffs are sex offenders who challenge the

---

[1] Fed. R. Civ. P. 20(a)(1) provides that persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and,

(B) any question of law or fact common to all plaintiffs will arise in the action.

procedures and criteria used by the DOC to classify inmates as sex offenders. Some or all of these Plaintiffs further assert that various DOC policies and practices restricting the rights of sex offenders are unconstitutional. Other Plaintiffs are disabled and assert, pursuant to the ADA and the Rehabilitation Act, that they are being denied the full use of the physical facilities and programs at CTCF, access to therapy, and prison employment. It is not clear which Plaintiffs are asserting what claims for relief in the Complaint. With a few minor exceptions, the Complaint does not contain specific allegations of the particular circumstances of each individual Plaintiff. Although several of the Plaintiffs have submitted individual affidavits detailing their specific claims, which indicate that some of the Plaintiffs appear to have issues in common, the legal claims presented are not common to all Plaintiffs. Further, the affidavits demonstrate that all of the named Plaintiffs do not assert a right to relief arising out of the same transaction or occurrence, and that each Plaintiff does not assert claims against all of the Defendants.

Furthermore, many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1). **Boretsky v. Corzine**, No. 08-2265 (GEB), 2008 WL 2512916, *5 (D. N.J. 2008) (unpublished) (collecting cases). Among the difficulties noted by these courts are the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id.* Moreover, some prisoners may forge others' signatures or otherwise attempt to act on behalf of their fellow plaintiffs, although

only members of the bar are allowed to litigate as agents.

These courts also have noted that prison populations are transitory, making joint litigation difficult. *Id.* It is not clear whether this will be a factor here, as the Plaintiffs allege that they are all incarcerated at CTCF. Even so, prisoners, whose circumstances make joint litigation exceptionally difficult, are not in the same situation as non-prisoner joint plaintiffs. Coordination would be hampered by restrictions on interpersonal communication within a prison facility. **See generally Shaw v. Murphy**, 532 U.S. 223, 228-31 (2001) (noting there is no special protection for legal communications among inmates). Obtaining signatures from all Plaintiffs can be problematic when all Plaintiffs are housed in the same prison facility, but prison populations, as illustrated in this case, are notably transitory. Inmates are released or transferred within the DOC, not to mention relocated within a prison itself. For legitimate security reasons, institutional rules may prohibit inmates from corresponding within and among facilities, making compliance with Fed. R. Civ. P. 11(a) extremely difficult. **See Turner v. Safley**, 482 U.S. 78, 91-92 (1987) (the prohibition on prisoner-to-prisoner correspondence between institutions is logically connected to a legitimate security concern).

The Court finds the reasoning in the above-cited cases persuasive and will therefore dismiss the twenty-five Plaintiffs other than Mr. Bertolo. The dismissal will be without prejudice. Any dismissed Plaintiff who wishes to pursue his claims may initiate a separate action by filing a Prisoner Complaint on the Court-approved form and either pay the $350.00 filing fee or submit a properly completed Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the Court-approved form. The clerk of the Court will be directed to mail to each dismissed Plaintiff a copy of this Order.

The Court observes, however, that only the following Plaintiffs have provided a DOC registration number: James Bertolo (No. 142464); Charles Ellis (No. 44308); David Herring (No. 147530); Keith Morris (No. 116947); Gordon Ruell (No. 80544); Timothy Moses (No. 107837); Richard Salas (No. 117579); Charles Parrish (No. 111079); Keith Class (Doc. No. 139301); Bobby Remy (No. 155377); Robert Brady (No. 108730); and Sammy Rodriguez (No. 113969).  Each separate action will be subject to the preliminary screening requirements of D.C.COLO.LCivR 8.2, and the Plaintiff in each separate action will be required to cure any deficiency in his filings.

### III.  Order to Cure Deficiencies

As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has determined that the submitted documents are deficient as described in this order. Mr. Bertolo will be directed to cure the following if he wishes to pursue his claims.  Any papers that Mr. Bertolo files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) ___ is not submitted
(2) ___ is missing affidavit
(3) _X_ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing: (<u>Account statement submitted by Plaintiff Bertolo does not contain transactions for the most recent six-month period preceding the prisoner's filing on July 6, 2012.</u>)
(4) ___ is missing certificate showing current balance in prison account
(5) ___ is missing required financial information
(6) ___ is missing an original signature by the prisoner
(7) _X_ is not on proper form (must use the court's current form)
(8) ___ names in caption do not match names in caption of complaint, petition or habeas application
(9) _X_ other: <u>Account statement is necessary only if $350.00 filing fee is not paid in advance.</u>

**Complaint, Petition or Application**:
(10) ___ is not submitted
(11) ___ is not on proper form (must use the court's current form)
(12) ___ is missing an original signature by the prisoner
(13) ___ is missing page nos. ___
(14) ___ uses et al. instead of listing all parties in caption
(15) ___ names in caption do not match names in text
(16) ___ addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17) ___ other:

Accordingly, it is

ORDERED that the Court denies joinder in this action, dismisses without prejudice all Plaintiffs except the first named Plaintiff, James Bertolo, and allows the dismissed Plaintiffs to initiate separate actions, if they choose. It is

FURTHER ORDERED that the clerk of the Court shall mail to each dismissed Plaintiff a copy of this order. The Clerk shall include the DOC registration numbers set forth at p. 7 above for those inmates that have provided them. Each dismissed Plaintiff may obtain a copy of the court-approved Prisoner Complaint and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that Plaintiff, James, Bertolo, cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers which the Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Plaintiff Bertolo shall obtain the court-approved Prisoner Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (with

the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff Bertolo fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the Complaint and the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED July 13, 2012, at Denver, Colorado.

BY THE COURT:


　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court