IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01763-BNB

JAMES M. BERTOLO,

    Plaintiff,

v.

JOHN HICKENLOOPER, Governor Colorado,
GLEN TAPIA, M.P.A. Offices of Community Corrections,
TOM CLEMENTS, Director, Colorado Department of Corrections,
COLORADO DEPARTMENT OF CORRECTIONS, Facilities, Programs, Staff, Medical
    Staff, Censorship Staff, Staff in General, Committees,
CTCF,
CTCF SEX OFFENDER TREATMENT MANAGEMENT BOARD (SOTMP),
ROBBIE BOLTON,
HONORABLE THOMAS KENNEDY, Chairman, Sex Offender Management Board
    (SOMB),
DIRECTORS CONTRACT WORKERS,
ALL CDOC CURRENT AND FORMER READING COMMITTEE MEMBERS,
ALL FORMER AND CURRENT MAIL ROOM STAFF FOR CDOC, CTCF,
ALL CDOC DIRECTORS STAFF OF PROGRAMS/ACTIVITIES/RECREATIONAL
    WORKERS, and
JOHN AND JANE DOES, and Certain CTCF, CDOC staff to be named,

    Defendants.

---

ORDER DENYING MOTION FOR RECONSIDERATION
AND REQUEST FOR APPOINTMENT OF COUNSEL

---

    Plaintiff, James M. Bertolo, filed *pro se* an "Objection/Appeal Pursuant to Rul 72" (ECF No. 24) purporting to object to the Order Denying Permissive Joinder, Dismissing Plaintiffs Other than James Bertolo. . . " issued by Senior District Judge Babcock on July 13, 2012. (ECF No. 16). Mr. Bertolo's motion is procedurally improper under Fed. R. Civ. P. 72, which applies to orders issued by United States Magistrate Judges. However, the Court must construe Plaintiff's filings liberally because he is a *pro se*

litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court thus will construe Mr. Bertolo's motion liberally as a motion for reconsideration of the July 13, 2012 Order.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Bertolo filed the motion for reconsideration less than twenty-eight days after the order dismissing plaintiffs was entered in the instant action. The Court, therefore, finds that the motion for reconsideration is filed pursuant to Rule 59(e). *Id.*; *see also* Fed. R. Civ. P. 59(e). Upon review of the Motion, the concludes that Mr. Bertolo lacks standing to request reconsideration of the Court's July 13, 2012 Order.

Under Article III of the Constitution, a party must have a "case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The "irreducible constitutional minimum of standing" consists of three elements. *Id.* at 560. First, a party must have suffered an "injury in fact," an actual or imminent concrete and particularized invasion to a legally protected interest; second, the injury must be fairly traceable to the challenged action of the defendant; and third, the injury must be redressable by a favorable decision. *Id.*

In general, a party "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975)). However, when the standing requirements are otherwise met and the party who

suffered the actual harm is not able to assert her claim directly, a plaintiff with a close relationship to that party may assert standing on behalf of the third party. *Id.* at 130.

In this case, Mr. Bertolo cannot meet the constitutional limitations on the Court's exercise of jurisdiction. In his motion for reconsideration, Mr. Bertolo requests that the Plaintiffs dismissed in the Court's July 13 Order be reinstated and that this action be allowed to proceed as a class action. However, Plaintiff has not demonstrated in his motion for reconsideration that he has suffered an injury-in-fact by the dismissal of the other plaintiffs. Mr. Bertolo has signed all of the filings in this action and has established by his participation in the lawsuit that he is able to proceed with a Complaint on his own behalf.

Mr. Bertolo's motion also falters on the prudential limitations placed on the court's exercise of jurisdiction. Even if Plaintiff can show a close relationship with the dismissed plaintiffs, which is doubtful, he cannot demonstrate that any of them have been hindered from protecting their own interests. Prior to the July 13 Order, several of the dismissed plaintiffs signed the original Complaint, filed affidavits with the Court explaining their own individual claims, and filed copies of their inmate account statements. These actions show that the dismissed plaintiffs are fully capable of prosecuting separate lawsuits. In addition, the Court's July 13 Order dismissed the plaintiffs other than Bertolo without prejudice and expressly advised the dismissed plaintiffs of their right to bring separate actions. In short, there is nothing in the Court's file to indicate that each dismissed plaintiff does not have the ability to pursue an individual action.

The Court finds that Mr. Bertolo lacks standing to request, in his motion for reconsideration,[1] that the dismissed plaintiffs be reinstated as parties to this action. Accordingly, it is

ORDERED that the "Objection/Appeal Pursuant to Rule 72," (ECF No. 24), which the Court construes liberally as a motion for reconsideration of the July 13, 2012 Order, is DENIED because Mr. Bertolo lacks standing to seek the requested relief. It is

FURTHER ORDERED that the Motion to Seek Appointment of Counsel (ECF No. 26), filed on July 27, 2012, is denied as premature.

Dated at Denver, Colorado this  31st  day of    July       , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

---

[1] None of the dismissed plaintiffs signed the motion for reconsideration.