IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01763-BNB

JAMES M. BERTOLO,

    Plaintiff,

v.

JOHN HICKENLOOPER, Governor Colorado,
GLEN TAPIA, M.P.A. Offices of Community Corrections,
TOM CLEMENTS, Director, Colorado Department of Corrections,
COLORADO DEPARTMENT OF CORRECTIONS, Facilities, Programs, Staff, Medical
    Staff, Censorship Staff, Staff in General, Committees,
CTCF,
CTCF SEX OFFENDER TREATMENT MANAGEMENT BOARD (SOTMP),
ROBBIE BOLTON,
HONORABLE THOMAS KENNEDY, Chairman, Sex Offender Management Board
    (SOMB),
DIRECTORS CONTRACT WORKERS,
ALL CDOC CURRENT AND FORMER READING COMMITTEE MEMBERS,
ALL FORMER AND CURRENT MAIL ROOM STAFF FOR CDOC, CTCF,
ALL CDOC DIRECTORS STAFF OF PROGRAMS/ACTIVITIES/RECREATIONAL
    WORKERS, and
JOHN AND JANE DOES, and Certain CTCF, CDOC staff to be named,

    Defendants.

ORDER DENYING MOTIONS FOR RECONSIDERATION

On August 6, 2012, former Plaintiffs Charles Ellis, David Herring, and Sammy Rodriguez each filed a "Motion to Alter or Amend a Judgment" (ECF Nos. 30, 31 and 32). The former Plaintiffs ask the Court to reinstate them as Plaintiffs in this action and to allow this case to proceed as a class action. On July 13, 2012, the Court denied permissive joinder in this action and dismissed all Plaintiffs other than Plaintiff Bertolo. (ECF No. 16). The Court must construe the former Plaintiffs' filings liberally because

they are *pro se* litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will construe the motions filed by former plaintiffs Ellis, Herring, and Rodriguez as motions for reconsideration of the Order of July 13, 2012.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The former plaintiffs filed their motions for reconsideration less than twenty-eight days after the order dismissing plaintiffs was entered in the instant action. The Court, therefore, finds that the motions for reconsideration are filed pursuant to Rule 59(e). *Id.*; *see also* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Order of July 13, 2012, the Court denied Plaintiff Bertolo and the former Plaintiffs leave to proceed in this case as lead plaintiffs in a class action because the putative class representatives were *pro se.* The court then dismissed all Plaintiffs other than Plaintiff Bertolo because of the pervasive impracticalities associated with multiple-plaintiff *pro se* prisoner litigation that militate against permissive joinder otherwise

allowed by Fed. R. Civ. P. 20(a)(1).  **See Boretsky v. Corzine**, No. 08-2265 (GEB), 2008 WL 2512916, *5 (D. N.J. 2008) (unpublished)  (collecting cases); **see also Galindo v. Pueblo Cnty. 10th Judicial Dist.**, No. 10-cv-02373-BNB, 2010 WL 5103036, at **1-2 (D. Colo. 2010) (citing **Boretsky**); **Richardson v. Robinson**, No. 10-cv-02558-BNB, 2010 WL 5014364, at **2-3 (D. Colo. Dec. 3, 2010) (same); **Rueb v. Zavaras**, No. 10-cv-02725-BNB, 2010 WL 4860904 (D. Colo. Nov. 15, 2010) (same).  Among the difficulties noted by the courts is the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation."  **See id.**  Moreover, some prisoners may forge others' signatures or otherwise attempt to act on behalf of their fellow plaintiffs, although only members of the bar are allowed to litigate as agents.  **Id.**  In addition, coordination of litigation efforts would be hampered by restrictions on interpersonal communication within a prison facility.  **See generally Shaw v. Murphy**, 532 U.S. 223, 228-31 (2001) (noting there is no special protection for legal communications among inmates).

The former Plaintiffs argue in their motions that these concerns are alleviated in this case because the litigation is being supervised by attorney Gary Shupp.  Notably, however, Mr. Shupp has never entered his appearance as the attorney for Mr. Bertolo or the former Plaintiffs.  Absent a formal entry of appearance by counsel, Mr. Bertolo and the former plaintiffs are considered *pro se* litigants.

Mr. Bertolo filed a motion requesting the appointment of counsel on July 27, 2012 (ECF No. 26), which the Court denied as premature on July 31, 2012.  (*See* ECF No.

27). The former plaintiffs now ask the Court to reconsider the July 31 Order and appoint Mr. Shupp to represent them in this matter. If Mr. Shupp intends to represent Mr. Bertolo and the former plaintiffs in a joint or class action, he must enter his appearance and file a motion to amend, together with a tendered amended complaint. The Court lacks authority to appoint counsel to represent Mr. Bertolo or the former plaintiffs in this civil action and declines to seek volunteer counsel in this case based on its current procedural posture. *See Nelson v. Boeing Co.,* 446 F.3d 1118, 1120–22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize a right to counsel in a Title VII context); *Sandle v. Principi,* 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir.1989) ("There is no constitutional right to appointed counsel in a civil case.").

On review of the motion for reconsideration and the entire file, the Court concludes that the former plaintiffs fail to demonstrate any grounds to reconsider the Order of July 13, 2012, dismissing all of the plaintiffs except for Plaintiff Bertolo. Therefore, the motions to reconsider will be denied.

Accordingly, it is

ORDERED that the "Motions to Alter or Amend a Judgment" (ECF Nos. 30, 31 and 32), filed on August 6, 2012, which the Court construes liberally as motions for reconsideration pursuant to Fed. R. Civ. P. 59(e) of the Order of July 13, 2012, are DENIED. The request to reconsider the Order of July 31, 2012, denying the appointment of counsel is also DENIED.

Dated at Denver, Colorado this  9th  day of    August   , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court