IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01763-BNB

JAMES M. BERTOLO,

    Plaintiff,

v.

JOHN HICKENLOOPER, Governor Colorado,
GLEN TAPIA, M.P.A. Offices of Community Corrections,
TOM CLEMENTS, Director, Colorado Department of Corrections,
COLORADO DEPARTMENT OF CORRECTIONS, Facilities, Programs, Staff, Medical
    Staff, Censorship Staff, Staff in General, Committees,
CTCF,
CTCF SEX OFFENDER TREATMENT MANAGEMENT BOARD (SOTMP),
ROBBIE BOLTON,
HONORABLE THOMAS KENNEDY, Chairman, Sex Offender Management Board
    (SOMB),
DIRECTORS CONTRACT WORKERS,
ALL CDOC CURRENT AND FORMER READING COMMITTEE MEMBERS,
ALL FORMER AND CURRENT MAIL ROOM STAFF FOR CDOC, CTCF,
ALL CDOC DIRECTORS STAFF OF PROGRAMS/ACTIVITIES/RECREATIONAL
    WORKERS, and
JOHN AND JANE DOES, and Certain CTCF, CDOC staff to be named,

    Defendants.

---

ORDER DENYING MOTIONS FOR RECONSIDERATION

---

    On August 16, 2012, former Plaintiffs, Edward Williams and Ross Alley each filed a "Motion to Alter or Amend a Judgment" (ECF Nos. 50 and 51). On July 13, 2012, the Court denied permissive joinder in this action and dismissed all Plaintiffs other than Plaintiff Bertolo. (ECF No. 16). Messrs. Williams and Ross ask the Court to reinstate them as Plaintiffs in this action and to allow the case to proceed as a class action. The Motions to Alter or Amend a Judgment are identical to each other and are also identical

to the Motions to Alter or Amend a Judgment that were denied by the Court on August 17, 2012. (ECF No. 52).

The Court must construe the former plaintiffs' filings liberally because they are *pro se* litigants. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will construe the motions filed by former plaintiffs Williams and Alley as motions for reconsideration of the July 13, 2012 Order.

A district court has discretion to revise interlocutory orders prior to entry of final judgment. **Price v. Philpot**, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); **Wagoner v. Wagoner**, 938 F.2d 1120, 1122 n. 1 (10th Cir.1991) (noting that a motion for reconsideration filed prior to final judgment "was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."); **Anderson v. Deere & Co.**, 852 F.2d 1244, 1246 (10th Cir.1988) (citing Fed.R.Civ.P. 54(b)). The district court's discretion to revise its interlocutory orders is not limited by the standards for reviewing a post-judgment motion filed pursuant to Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. **See Raytheon Constructors Inc. v. ASARCO, Inc.,** 368 F.3d 1214, 1217 (10th Cir. 2003) (stating that "[t]he district court was incorrect to treat the plaintiff's motion for reconsideration [of an interlocutory order] under Rule 60(b) which only applies to final orders or judgments.").

In the July 13, 2012 Order, the Court denied Mr. Bertolo and the former

plaintiffs leave to proceed in this case as lead plaintiffs in a class action because the putative class representatives were *pro se*. The Court then dismissed all Plaintiffs other than Mr. Bertolo because of the pervasive impracticalities associated with multiple-plaintiff *pro se* prisoner litigation that militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1). **See Boretsky v. Corzine**, No. 08-2265 (GEB), 2008 WL 2512916, *5 (D. N.J. 2008) (unpublished) (collecting cases); **see also Galindo v. Pueblo Cnty. 10th Judicial Dist.**, No. 10-cv-02373-BNB, 2010 WL 5103036, at **1-2 (D. Colo. 2010) (citing **Boretsky**); **Richardson v. Robinson**, No. 10-cv-02558-BNB, 2010 WL 5014364, at **2-3 (D. Colo. Dec. 3, 2010) (same); **Rueb v. Zavaras**, No. 10-cv-02725-BNB, 2010 WL 4860904 (D. Colo. Nov. 15, 2010) (same). Among the difficulties noted by the courts is the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." **See id.** Moreover, some prisoners may forge others' signatures or otherwise attempt to act on behalf of their fellow plaintiffs, although only members of the bar are allowed to litigate as agents. **Id.** In addition, coordination of litigation efforts would be hampered by restrictions on interpersonal communication within a prison facility. **See generally Shaw v. Murphy**, 532 U.S. 223, 228-31 (2001) (noting there is no special protection for legal communications among inmates).

The former plaintiffs argue in their motions that the above concerns are alleviated in this case because the litigation is being supervised by attorney Gary Shupp. Notably, however, Mr. Shupp has never entered his appearance as the attorney for Mr. Bertolo

or the former plaintiffs in this action. Absent a formal entry of appearance by counsel, Mr. Bertolo and the former plaintiffs are considered **pro se** litigants.

Mr. Bertolo filed a motion requesting the appointment of counsel on July 27, 2012 (ECF No. 26), which the Court denied as premature on July 31, 2012. (*See* ECF No. 27). Former plaintiffs Williams and Allen now ask the Court to reconsider the July 31, 2012 Order and appoint Mr. Shupp to represent them in this matter. However, if Mr. Shupp intends to represent several prisoner-plaintiffs in a joint or class action, he must enter his appearance and file a motion to amend, together with a tendered amended complaint. The Court declines to appoint counsel to represent Mr. Bertolo or the former plaintiffs based on the current procedural posture of this case. There is no statutory or constitutional right to the appointment of counsel in a prisoner civil rights action. **See Nelson v. Boeing Co.,** 446 F.3d 1118, 1120–22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize a right to counsel in a Title VII context); **Sandle v. Principi**, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); **Durre v. Dempsey,** 869 F.2d 543, 547 (10th Cir.1989) ("There is no constitutional right to appointed counsel in a civil case.").

Upon review of the motions for reconsideration and the entire file, the Court concludes that the former plaintiffs fail to demonstrate that any grounds exist to reconsider the July 13, 2012 Order dismissing all of the plaintiffs except for Mr. Bertolo. Therefore, the motions to reconsider will be denied. Accordingly, it is

ORDERED that the "Motions to Alter or Amend a Judgment" (ECF Nos. 50 and 51), which the Court construes liberally as motions for reconsideration of the July 13, 2012 Order, are DENIED, pursuant to the Court's general discretionary authority to review its interlocutory orders.  It is

FURTHER ORDERED that the request to reconsider the July 31, 2012 Order denying the appointment of counsel is also DENIED.

Dated at Denver, Colorado this  23rd  day of    August       , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court