IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01763-BNB
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

JAMES M. BERTOLO,
DAVID BRYAN,
RICHARD SALAS,
JOSEPH LUJAN,
TIMOTHY MOSES,
WILLIAM ENGLAND,
DAVID HERRING,
MICHAEL HALEY,
BOBBY REMY,
ALAN MOUNT,
ROSS ALLEY,
CHARLES ELLIS,
GORDON REUELL,
KEITH CLASS,
KEITH MORRIS,
SAMMY RODRIGUEZ,
ROBERT BELLM,
EDWARD WILLIAMS,
PATRICK CASTLE,
TOBIAS AGUIRE,
ROBERT BRADY,
CHARLES PARRISH,
QUENTIN WATERS,
ALBINO MONTOYA,
ALEX VALDEZ, and
SCOTT STUART (STEWART), as representatives of themselves and all others
        similarly situated in this class action,

        Plaintiffs,

v.

JOHN HICKENLOOPER, Governor Colorado,
GLEN TAPIA, M.P.A. Offices of Community Corrections,
TOM CLEMENTS, Director, Colorado Department of Corrections,
COLORADO DEPARTMENT OF CORRECTIONS, Facilities, Programs, Staff, Medical
        Staff, Censorship Staff, Staff in General, Committees,
CTCF,

CTCF SEX OFFENDER TREATMENT MANAGEMENT BOARD (SOTMP),
ROBBIE BOLTON,
HONORABLE THOMAS KENNEDY, Chairman, Sex Offender Management Board
    (SOMB),
DIRECTORS CONTRACT WORKERS,
ALL CDOC CURRENT AND FORMER READING COMMITTEE MEMBERS,
ALL FORMER AND CURRENT MAIL ROOM STAFF FOR CDOC, CTCF,
ALL CDOC DIRECTORS STAFF OF PROGRAMS/ACTIVITIES/RECREATIONAL
    WORKERS, and
JOHN AND JANE DOES, and Certain CTCF, CDOC staff to be named,

      Defendants.

---

ORDER DENYING PERMISSIVE JOINDER,
DISMISSING PLAINTIFFS OTHER THAN JAMES BERTOLO,
AND DIRECTING PLAINTIFF BERTOLO TO CURE DEFICIENCIES

---

Plaintiff, James Bertolo, and twenty-five other Plaintiffs, all of whom are in the custody of the Colorado Department of Corrections (DOC) at the Colorado Territorial Correctional Facility (CTCF) in Cañón City, Colorado, have filed a "Class Action Prisoner's Complaint" (ECF No. 1).  Plaintiffs claim that their rights under the United States Constitution, Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12132 (2011), and § 504 of the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 794, have been violated.  Most of the named plaintiffs have signed the Complaint. Mr. Bertolo has filed a "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).  Eleven of the named Plaintiffs have filed inmate account statements in support of Mr. Bertolo's § 1915 Motion.  The Plaintiffs, *pro se*, seek to proceed as class representatives for a putative class of all sex offenders and disabled persons incarcerated in the DOC.

## I.  Class Certification

A prerequisite for class action certification is a finding by a court that the representative party can "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Because a layperson ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a *pro se* litigant.  *See* 7A Wright, Miller & Kane, *Federal Practice and Procedure* Civil 3d § 1769.1 & n.13 (3d ed. 2005 & Supp. 2009); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (*pro se* prisoners are not adequate representatives for a class).  The Tenth Circuit has held that while a *pro se* litigant may assert his own claims in federal court, his competence as a layperson is too limited to protect the rights of others.  *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see also Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992) (holding that "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action")(citations omitted).  The Court also must take note of the logistical and administrative constraints *pro se* inmate litigants experience, which severely restricts their ability to investigate class claims and contact class members.  Because the putative class representatives are proceeding *pro se*, the Court finds that class certification is inappropriate.

## II.  Joinder of Plaintiffs

In *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), the Supreme Court held that "[u]nder the Rules, the impulse is toward entertaining the

broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." 383 U.S. at 724 (footnote omitted). Consistent with this policy, Fed. R. Civ. P 20(a), which provides for the joinder of parties,[1] should be liberally construed in the interest of convenience and judicial economy. ***Swan v. Ray***, 293 F.3d 1252, 1253 (11th Cir. 2002).  Notwithstanding the liberal application of Rule 20, unrelated claims and defendants should not be joined in a single lawsuit.  ***See, e.g., George v. Smith***, 507 F.3d 605, 607 (7th Cir. 2007); ***Coughlin v. Rogers***, 130 F.3d 1348, 1350-51 (9th Cir. 1997); *accord Trail Realty Inc. v. Beckett,* 462 F.2d 396, 399–400 (10th Cir.1972) (explaining that Rule 20 does not authorize a plaintiff to "incorporate into an existing action a different action against different parties and presenting entirely different factual and legal issues.").  A multiple plaintiff suit does not pass the two-part test of Rule 20(a)(1) where each plaintiff provides a different factual background, giving rise to the joint cause of action. ***Coughlin***, 130 F.3d at1350; ***Abdelkarim v. Gonzales***, No. 06-14436, 2007 WL 1284924, *4-5 (E.D.Mich. Apr.30, 2007).  In the case of improvident joinder, Fed. R. Civ. P. 21 allows the Court on its own, at any time, and on just terms to drop a party.

The Complaint in this action is brought by twenty-six Plaintiffs and comprises more than one lawsuit.  Some of the Plaintiffs are sex offenders who challenge the

---

[1]Fed. R. Civ. P. 20(a)(1) provides that persons may join in one action as plaintiffs if:

(A)they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and,

(B) any question of law or fact common to all plaintiffs will arise in the action.

procedures and criteria used by the DOC to classify inmates as sex offenders.  Some or all of these Plaintiffs further assert that various DOC policies and practices restricting the rights of sex offenders are unconstitutional.  Other Plaintiffs are disabled and assert, pursuant to the ADA and the Rehabilitation Act, that they are being denied the full use of the physical facilities and programs at CTCF, access to therapy, and prison employment.  It is not clear which Plaintiffs are asserting what claims for relief in the Complaint.  With a few minor exceptions, the Complaint does not contain specific allegations of the particular circumstances of each individual Plaintiff.  Although several of the Plaintiffs have submitted individual affidavits detailing their specific claims, which indicate that some of the Plaintiffs appear to have issues in common, the legal claims presented are not common to all Plaintiffs.  Further, the affidavits demonstrate that all of the named Plaintiffs do not assert a right to relief arising out of the same transaction or occurrence, and that each Plaintiff does not assert claims against all of the Defendants.

Furthermore, many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1).  *Boretsky v. Corzine*, No. 08-2265 (GEB), 2008 WL 2512916, *5 (D. N.J. 2008) (unpublished) (collecting cases).  Among the difficulties noted by these courts are the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation."  *Id.*  Moreover, some prisoners may forge others' signatures or otherwise attempt to act on behalf of their fellow plaintiffs, although

5

only members of the bar are allowed to litigate as agents.

These courts also have noted that prison populations are transitory, making joint litigation difficult.  *Id.*  It is not clear whether this will be a factor here, as the Plaintiffs allege that they are all incarcerated at CTCF.  Even so, prisoners, whose circumstances make joint litigation exceptionally difficult, are not in the same situation as non-prisoner joint plaintiffs.   Coordination would be hampered by restrictions on interpersonal communication within a prison facility.  *See generally Shaw v. Murphy*, 532 U.S. 223, 228-31 (2001) (noting there is no special protection for legal communications among inmates).  Obtaining signatures from all Plaintiffs can be problematic when all Plaintiffs are housed in the same prison facility, but prison populations, as illustrated in this case, are notably transitory.  Inmates are released or transferred within the DOC, not to mention relocated within a prison itself.  For legitimate security reasons, institutional rules may prohibit inmates from corresponding within and among facilities, making compliance with Fed. R. Civ. P. 11(a) extremely difficult.  *See Turner v. Safley*, 482 U.S. 78, 91-92 (1987) (the prohibition on prisoner-to-prisoner correspondence between institutions is logically connected to a legitimate security concern).

The Court finds the reasoning in the above-cited cases persuasive and will therefore dismiss the twenty-five Plaintiffs other than Mr. Bertolo.  The dismissal will be without prejudice.   Any dismissed Plaintiff who wishes to pursue his claims may initiate a separate action by filing a Prisoner Complaint on the Court-approved form and either pay the $350.00 filing fee or submit a properly completed Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the Court-approved form.  The clerk of the Court will be directed to mail to each dismissed Plaintiff a copy of this Order.

6

The Court observes, however, that only the following Plaintiffs have provided a DOC

registration number: James Bertolo (No. 142464); Charles Ellis (No. 44308); David

Herring (No. 147530); Keith Morris (No. 116947); Gordon Ruell (No. 80544); Timothy

Moses (No. 107837); Richard Salas (No. 117579); Charles Parrish (No. 111079); Keith

Class (Doc. No. 139301); Bobby Remy (No. 155377); Robert Brady (No. 108730); and

Sammy Rodriguez (No. 113969).  Each separate action will be subject to the

preliminary screening requirements of D.C.COLO.LCivR 8.2, and the Plaintiff in each

separate action will be required to cure any deficiency in his filings.

### III.  Order to Cure Deficiencies

As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has

determined that the submitted documents are deficient as described in this order.

Mr. Bertolo will be directed to cure the following if he wishes to pursue his claims.  Any

papers that Mr. Bertolo files in response to this order must include the civil action

number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
| | | |
|---|---|---|
| (1) | __ | is not submitted |
| (2) | __ | is missing affidavit |
| (3) | X | is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing: (Account statement submitted by Plaintiff Bertolo does not contain transactions for the most recent six-month period preceding the prisoner's filing on July 6, 2012.) |
| (4) | __ | is missing certificate showing current balance in prison account |
| (5) | __ | is missing required financial information |
| (6) | __ | is missing an original signature by the prisoner |
| (7) | X | is not on proper form (must use the court's current form) |
| (8) | __ | names in caption do not match names in caption of complaint, petition or habeas application |
| (9) | X | other: Account statement is necessary only if $350.00 filing fee is not paid in advance. |

**Complaint, Petition or Application**:

(10)  ___  is not submitted
(11)  ___  is not on proper form (must use the court's current form)
(12)  ___  is missing an original signature by the prisoner
(13)  ___  is missing page nos. ___
(14)  ___  uses et al. instead of listing all parties in caption
(15)  ___  names in caption do not match names in text
(16)  ___  addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17)  ___  other:

Accordingly, it is

ORDERED that the Court denies joinder in this action, dismisses without prejudice all Plaintiffs except the first named Plaintiff, James Bertolo, and allows the dismissed Plaintiffs to initiate separate actions, if they choose.  It is

FURTHER ORDERED that the clerk of the Court shall mail to each dismissed Plaintiff a copy of this order.  The Clerk shall include the DOC registration numbers set forth at p. 7 above for those inmates that have provided them.  Each dismissed Plaintiff may obtain a copy of the court-approved Prisoner Complaint and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that Plaintiff, James, Bertolo, cure the deficiencies designated above **within thirty (30) days from the date of this order**.  Any papers which the Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff Bertolo shall obtain the court-approved Prisoner Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (with

the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff Bertolo fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the Complaint and the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED July 13, 2012, at Denver, Colorado.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01763-BNB

JAMES M. BERTOLO,

     Plaintiff,

v.

JOHN HICKENLOOPER, Governor Colorado,
GLEN TAPIA, M.P.A. Offices of Community Corrections,
TOM CLEMENTS, Director, Colorado Department of Corrections,
COLORADO DEPARTMENT OF CORRECTIONS, Facilities, Programs, Staff, Medical
     Staff, Censorship Staff, Staff in General, Committees,
CTCF,
CTCF SEX OFFENDER TREATMENT MANAGEMENT BOARD (SOTMP),
ROBBIE BOLTON,
HONORABLE THOMAS KENNEDY, Chairman, Sex Offender Management Board
     (SOMB),
DIRECTORS CONTRACT WORKERS,
ALL CDOC CURRENT AND FORMER READING COMMITTEE MEMBERS,
ALL FORMER AND CURRENT MAIL ROOM STAFF FOR CDOC, CTCF,
ALL CDOC DIRECTORS STAFF OF PROGRAMS/ACTIVITIES/RECREATIONAL
     WORKERS, and
JOHN AND JANE DOES, and Certain CTCF, CDOC staff to be named,

     Defendants.

_____

ORDER DENYING MOTION FOR RECONSIDERATION
AND REQUEST FOR APPOINTMENT OF COUNSEL

_____

     Plaintiff, James M. Bertolo, filed *pro se* an "Objection/Appeal Pursuant to Rul 72"

(ECF No. 24) purporting to object to the Order Denying Permissive Joinder, Dismissing

Plaintiffs Other than James Bertolo. . . " issued by Senior District Judge Babcock on

July 13, 2012. (ECF No. 16). Mr. Bertolo's motion is procedurally improper under Fed.

R. Civ. P. 72, which applies to orders issued by United States Magistrate Judges.

However, the Court must construe Plaintiff's filings liberally because he is a *pro se*

litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court thus will construe Mr. Bertolo's motion liberally as a motion for reconsideration of the July 13, 2012 Order.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Mr. Bertolo filed the motion for reconsideration less than twenty-eight days after the order dismissing plaintiffs was entered in the instant action.  The Court, therefore, finds that the motion for reconsideration is filed pursuant to Rule 59(e). *Id.*; *see also* Fed. R. Civ. P. 59(e).  Upon review of the Motion, the concludes that Mr. Bertolo lacks standing to request reconsideration of the Court's July 13, 2012 Order.

Under Article III of the Constitution, a party must have a "case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The "irreducible constitutional minimum of standing" consists of three elements.  *Id*. at 560.  First, a party must have suffered an "injury in fact," an actual or imminent concrete and particularized invasion to a legally protected interest; second, the injury must be fairly traceable to the challenged action of the defendant; and third, the injury must be redressable by a favorable decision.  *Id*.

In general, a party "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975)). However, when the standing requirements are otherwise met and the party who

2

suffered the actual harm is not able to assert her claim directly, a plaintiff with a close

relationship to that party may assert standing on behalf of the third party. *Id*. at 130.

In this case, Mr. Bertolo cannot meet the constitutional limitations on the Court's

exercise of jurisdiction.  In his motion for reconsideration, Mr. Bertolo requests that the

Plaintiffs dismissed in the Court's July 13 Order be reinstated and that this action be

allowed to proceed as a class action.  However, Plaintiff has not demonstrated in his

motion for reconsideration that he has suffered an injury-in-fact by the dismissal of the

other plaintiffs.  Mr. Bertolo has signed all of the filings in this action and has established

by his participation in the lawsuit that he is able to proceed with a Complaint on his own

behalf.

Mr. Bertolo's motion also falters on the prudential limitations placed on the court's

exercise of jurisdiction.  Even if Plaintiff can show a close relationship with the

dismissed plaintiffs, which is doubtful, he cannot demonstrate that any of them have

been hindered from protecting their own interests.  Prior to the July 13 Order, several of

the dismissed plaintiffs signed the original Complaint, filed affidavits with the Court

explaining their own individual claims, and filed copies of their inmate account

statements.  These actions show that the dismissed plaintiffs are fully capable of

prosecuting separate lawsuits.  In addition, the Court's July 13 Order dismissed the

plaintiffs other than Bertolo without prejudice and expressly advised the dismissed

plaintiffs of their right to bring separate actions.  In short, there is nothing in the Court's

file to indicate that each dismissed plaintiff does not have the ability to pursue an

individual action.

3

The Court finds that Mr. Bertolo lacks standing to request, in his motion for

reconsideration,[1] that the dismissed plaintiffs be reinstated as parties to this action.

Accordingly, it is

ORDERED that the "Objection/Appeal Pursuant to Rule 72," (ECF No. 24), which

the Court construes liberally as a motion for reconsideration of the July 13, 2012 Order,

is DENIED because Mr. Bertolo lacks standing to seek the requested relief. It is

FURTHER ORDERED that the Motion to Seek Appointment of Counsel (ECF No.

26), filed on July 27, 2012, is denied as premature.

Dated at Denver, Colorado this __31st__ day of _____July_____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

---

[1]None of the dismissed plaintiffs signed the motion for reconsideration.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01763-BNB

JAMES M. BERTOLO,

     Plaintiff,

v.

JOHN HICKENLOOPER, Governor Colorado,
GLEN TAPIA, M.P.A. Offices of Community Corrections,
TOM CLEMENTS, Director, Colorado Department of Corrections,
COLORADO DEPARTMENT OF CORRECTIONS, Facilities, Programs, Staff, Medical
     Staff, Censorship Staff, Staff in General, Committees,
CTCF,
CTCF SEX OFFENDER TREATMENT MANAGEMENT BOARD (SOTMP),
ROBBIE BOLTON,
HONORABLE THOMAS KENNEDY, Chairman, Sex Offender Management Board
     (SOMB),
DIRECTORS CONTRACT WORKERS,
ALL CDOC CURRENT AND FORMER READING COMMITTEE MEMBERS,
ALL FORMER AND CURRENT MAIL ROOM STAFF FOR CDOC, CTCF,
ALL CDOC DIRECTORS STAFF OF PROGRAMS/ACTIVITIES/RECREATIONAL
     WORKERS, and
JOHN AND JANE DOES, and Certain CTCF, CDOC staff to be named,

     Defendants.

_____

ORDER DENYING MOTIONS FOR RECONSIDERATION
_____

     On August 8, 2012, former Plaintiffs, Joseph Lujan, Charles Parrish, Robert

Brady, Richard Salas, Bobby Remy, Patrick Castle, Quentin Waters, and David Bryan,

each filed a "Motion to Alter or Amend a Judgment" (ECF Nos. 33, 34, 35, 36, 37, 38, 39

and 40).  On August 9, 2012, former Plaintiffs, Timothy Moses, Scott Stewart,  William

England, and Alex Valdez, each filed a "Motion to Alter or Amend a Judgment" (ECF

Nos. 42, 43, 44, and 45).  On August 10, 2012, former Plaintiff, Tobias Aguirre, filed a

"Motion to Alter or Amend a Judgment" (ECF Nos. 46).  On August 13, 2012, Plaintiff James M. Bertolo, and former Plaintiffs, Keith Morris and Gordon Reuell, filed "Motions to Alter or Amend a Judgment" (ECF Nos. 47, 48 and 49).  The Plaintiff and former Plaintiffs ask the Court to reinstate the former Plaintiffs as Plaintiffs in this action and to allow the case to proceed as a class action.  On July 13, 2012, the Court denied permissive joinder in this action and dismissed all Plaintiffs other than Plaintiff Bertolo. (ECF No. 16).

The Motions to Alter or Amend a Judgment are identical and are also identical to the Motions to Alter or Amend a Judgment that were denied by the Court on August 9, 2012.  (ECF No. 41).  Further, ECF No. 47 is Mr. Bertolo's second motion objecting to the July 13, 2012 Order.  His first motion was denied for lack of Article III standing. (*See* ECF No. 27).

 The Court must construe the former Plaintiffs' filings liberally because they are *pro se* litigants.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court will construe the motions filed by former plaintiffs Ellis, Herring and Rodriguez as motions for reconsideration of the July 13, 2012 Order.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  The former plaintiffs filed their motions for reconsideration less than twenty-eight days after the order dismissing plaintiffs was entered in the instant action.

2

The Court, therefore, finds that the motions for reconsideration are filed pursuant to
Rule 59(e). *Id*.; *see also* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening
change in the controlling law; (2) the availability of new evidence; and (3) the need to
correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*,
204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the
court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing
*Van Skiver*, 952 F.2d at 1243).

In the July 13, 2012 Order, the Court denied Plaintiff Bertolo and the former
Plaintiffs leave to proceed in this case as lead plaintiffs in a class action because the
putative class representatives were *pro se.* The court then dismissed all Plaintiffs other
than Plaintiff Bertolo because of the pervasive impracticalities associated with multiple-
plaintiff *pro se* prisoner litigation that militate against permissive joinder otherwise
allowed by Fed. R. Civ. P. 20(a)(1). ***See Boretsky v. Corzine***, No. 08-2265 (GEB),
2008 WL 2512916, *5 (D. N.J. 2008) (unpublished) (collecting cases); ***see also
Galindo v. Pueblo Cnty. 10th Judicial Dist.***, No. 10-cv-02373-BNB, 2010 WL
5103036, at **1-2 (D. Colo. 2010) (citing ***Boretsky***); ***Richardson v. Robinson***, No. 10-
cv-02558-BNB, 2010 WL 5014364, at **2-3 (D. Colo. Dec. 3, 2010) (same); ***Rueb v.
Zavaras***, No. 10-cv-02725-BNB, 2010 WL 4860904 (D. Colo. Nov. 15, 2010) (same).
Among the difficulties noted by the courts is the "need for each plaintiff to sign every
pleading, and the consequent possibilities that documents may be changed as they are
circulated, or that prisoners may seek to compel prison authorities to permit them to
gather to discuss the joint litigation." ***See id.*** Moreover, some prisoners may forge

3

others' signatures or otherwise attempt to act on behalf of their fellow plaintiffs, although

only members of the bar are allowed to litigate as agents.  *Id.*  In addition, coordination

of litigation efforts would be hampered by restrictions on interpersonal communication

within a prison facility.  *See generally Shaw v. Murphy*, 532 U.S. 223, 228-31 (2001)

(noting there is no special protection for legal communications among inmates).


The Plaintiff and former Plaintiffs argue in their motions that the above concerns

are alleviated in this case because the litigation is being supervised by attorney Gary

Shupp.  Notably, however, Mr. Shupp has never entered his appearance as the attorney

for Mr. Bertolo or the former Plaintiffs in this action.  Absent a formal entry of

appearance by counsel, Mr. Bertolo and the former plaintiffs are considered *pro se*

litigants.

Mr. Bertolo filed a motion requesting the appointment of counsel on July 27, 2012

(ECF No. 26), which the Court denied as premature on July 31, 2012.  (*See* ECF No.

27).  The former plaintiffs now ask the Court to reconsider the July 31, 2012 Order and

appoint Mr. Shupp to represent them in this matter.  The former plaintiffs and Mr.

Bertolo are advised that if Mr. Shupp intends to represent them in a joint or class action,

he must enter his appearance and file a motion to amend, together with a tendered

amended complaint.  The Court declines to appoint counsel to represent Mr. Bertolo or

the former plaintiffs based on the current procedural posture of this case.  There is no

statutory or constitutional right to the appointment of counsel in a prisoner civil rights

action.  *See  Nelson v. Boeing Co.,* 446 F.3d 1118, 1120–22 (10th Cir. 2006) (noting

that "the only context in which courts have recognized a constitutional right to effective

4

assistance of counsel in civil litigation is in immigration cases" and declining to recognize a right to counsel in a Title VII context); **Sandle v. Principi**, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); **Durre v. Dempsey**, 869 F.2d 543, 547 (10th Cir.1989) ("There is no constitutional right to appointed counsel in a civil case.").

Upon review of the motion for reconsideration and the entire file, the Court concludes that the former plaintiffs fail to demonstrate that any grounds exist to reconsider the July 13, 2012 Order dismissing all of the plaintiffs except for Plaintiff Bertolo.  Therefore, the motions to reconsider will be denied.  Accordingly, it is

ORDERED that the "Motions to Alter or Amend a Judgment" (ECF Nos. 33, 34, 35, 36, 37, 38, 39, 40, 42, 43, 44, 45, 46, 47, 48 and 49), which the Court construes liberally as motions for reconsideration of the July 13, 2012 Order pursuant to Fed. R. Civ. P. 59(e), are DENIED.  It is

FURTHER ORDERED that the request to reconsider the July 31, 2012 Order denying the appointment of counsel is also DENIED.

Dated at Denver, Colorado this ___17th___ day of ____August_____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01763-BNB

JAMES M. BERTOLO,

     Plaintiff,

v.

JOHN HICKENLOOPER, Governor Colorado,
GLEN TAPIA, M.P.A. Offices of Community Corrections,
TOM CLEMENTS, Director, Colorado Department of Corrections,
COLORADO DEPARTMENT OF CORRECTIONS, Facilities, Programs, Staff, Medical
     Staff, Censorship Staff, Staff in General, Committees,
CTCF,
CTCF SEX OFFENDER TREATMENT MANAGEMENT BOARD (SOTMP),
ROBBIE BOLTON,
HONORABLE THOMAS KENNEDY, Chairman, Sex Offender Management Board
     (SOMB),
DIRECTORS CONTRACT WORKERS,
ALL CDOC CURRENT AND FORMER READING COMMITTEE MEMBERS,
ALL FORMER AND CURRENT MAIL ROOM STAFF FOR CDOC, CTCF,
ALL CDOC DIRECTORS STAFF OF PROGRAMS/ACTIVITIES/RECREATIONAL
     WORKERS, and
JOHN AND JANE DOES, and Certain CTCF, CDOC staff to be named,

     Defendants.

_____

ORDER DENYING MOTIONS FOR RECONSIDERATION
_____

     On August 16, 2012, former Plaintiffs, Edward Williams and Ross Alley each filed

a "Motion to Alter or Amend a Judgment" (ECF Nos. 50 and 51).  On July 13, 2012, the

Court denied permissive joinder in this action and dismissed all Plaintiffs other than

Plaintiff Bertolo.  (ECF No. 16).   Messrs. Williams and Ross ask the Court to reinstate

them as Plaintiffs in this action and to allow the case to proceed as a class action.  The

Motions to Alter or Amend a Judgment are identical to each other and are also identical

to the Motions to Alter or Amend a Judgment that were denied by the Court on August

17, 2012.  (ECF No. 52).

     The Court must construe the former plaintiffs' filings liberally because they are

*pro se* litigants.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  The Court will construe the motions filed by

former plaintiffs Williams and Alley as motions for reconsideration of the July 13, 2012

Order.

     A district court has discretion to revise interlocutory orders prior to entry of final

judgment. ***Price v. Philpot***, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005) ("[E]very order

short of a final decree is subject to reopening at the discretion of the district judge.");

***Wagoner v. Wagoner***, 938 F.2d 1120, 1122 n. 1 (10th Cir.1991) (noting that a motion

for reconsideration filed prior to final judgment "was nothing more than an interlocutory

motion invoking the district court's general discretionary authority to review and revise

interlocutory rulings prior to entry of final judgment."); ***Anderson v. Deere & Co.***, 852

F.2d 1244, 1246 (10th Cir.1988) (citing Fed.R.Civ.P. 54(b)).  The district court's

discretion to revise its interlocutory orders is not limited by the standards for reviewing a

post-judgment motion filed pursuant to Rule 59(e) or 60(b) of the Federal Rules of Civil

Procedure.  *See **Raytheon Constructors Inc. v. ASARCO, Inc.,*** 368 F.3d 1214, 1217

(10th Cir. 2003) (stating that "[t]he district court was incorrect to treat the plaintiff's

motion for reconsideration [of an interlocutory order] under Rule 60(b) which only

applies to final orders or judgments.").

     In the July 13, 2012 Order, the Court denied Mr. Bertolo and the former

plaintiffs leave to proceed in this case as lead plaintiffs in a class action because the putative class representatives were ***pro se***.  The Court then dismissed all Plaintiffs other than Mr. Bertolo because of the pervasive impracticalities associated with multiple-plaintiff ***pro se*** prisoner litigation that militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1).  ***See Boretsky v. Corzine***, No. 08-2265 (GEB), 2008 WL 2512916, *5 (D. N.J. 2008) (unpublished)  (collecting cases); ***see also Galindo v. Pueblo Cnty. 10th Judicial Dist.***, No. 10-cv-02373-BNB, 2010 WL 5103036, at **1-2 (D. Colo. 2010) (citing ***Boretsky***); ***Richardson v. Robinson***, No. 10-cv-02558-BNB, 2010 WL 5014364, at **2-3 (D. Colo. Dec. 3, 2010) (same); ***Rueb v. Zavaras***, No. 10-cv-02725-BNB, 2010 WL 4860904 (D. Colo. Nov. 15, 2010) (same). Among the difficulties noted by the courts is the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation."  ***See id.***  Moreover, some prisoners may forge others' signatures or otherwise attempt to act on behalf of their fellow plaintiffs, although only members of the bar are allowed to litigate as agents.  ***Id.***  In addition, coordination of litigation efforts would be hampered by restrictions on interpersonal communication within a prison facility.  ***See generally Shaw v. Murphy***, 532 U.S. 223, 228-31 (2001) (noting there is no special protection for legal communications among inmates).

The former plaintiffs argue in their motions that the above concerns are alleviated in this case because the litigation is being supervised by attorney Gary Shupp.  Notably, however, Mr. Shupp has never entered his appearance as the attorney for Mr. Bertolo

3

or the former plaintiffs in this action.  Absent a formal entry of appearance by counsel, Mr. Bertolo and the former plaintiffs are considered **pro se** litigants.

Mr. Bertolo filed a motion requesting the appointment of counsel on July 27, 2012 (ECF No. 26), which the Court denied as premature on July 31, 2012.  (*See* ECF No. 27).  Former plaintiffs Williams and Allen now ask the Court to reconsider the July 31, 2012 Order and appoint Mr. Shupp to represent them in this matter.  However, if Mr. Shupp intends to represent several prisoner-plaintiffs in a joint or class action, he must enter his appearance and file a motion to amend, together with a tendered amended complaint.  The Court declines to appoint counsel to represent Mr. Bertolo or the former plaintiffs based on the current procedural posture of this case.  There is no statutory or constitutional right to the appointment of counsel in a prisoner civil rights action.  **See Nelson v. Boeing Co.,** 446 F.3d 1118, 1120–22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize a right to counsel in a Title VII context); **Sandle v. Principi,** 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); **Durre v. Dempsey,** 869 F.2d 543, 547 (10th Cir.1989) ("There is no constitutional right to appointed counsel in a civil case.").

Upon review of the motions for reconsideration and the entire file, the Court concludes that the former plaintiffs fail to demonstrate that any grounds exist to reconsider the July 13, 2012 Order dismissing all of the plaintiffs except for Mr. Bertolo. Therefore, the motions to reconsider will be denied.  Accordingly, it is

4

ORDERED that the "Motions to Alter or Amend a Judgment" (ECF Nos. 50 and 51), which the Court construes liberally as motions for reconsideration of the July 13, 2012 Order, are DENIED, pursuant to the Court's general discretionary authority to review its interlocutory orders.  It is

FURTHER ORDERED that the request to reconsider the July 31, 2012 Order denying the appointment of counsel is also DENIED.

Dated at Denver, Colorado this _23rd_ day of ___August_____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

(plaintiff/defendant)                              (name the order of in of judgment)

(describe the order and/or judgment)

**ORIGINAL**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

RECEIVED
COURT OF APPEALS
10TH CIRCUIT

2012 SEP -6  AM 11: 12

Civil Action No. _12-CV-01763_____

James M. Bertolo et, al,
Plaintiff's as Representatives of themselves
and others similar situated. Et, al,
                        Plaintiff

v.

,John Hickenlooper et,al,

                Defendant

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**Sep 06, 2012**

GREGORY C. LANGHAM, CLERK

---

**NOTICE OF APPEAL**

Notice is hereby given that _Plaintiff's Believe the District Court error ed in dismissing #1

Plaintiff's other than  Plaintiff Bertolo__**2** denied certification of class    **3**. Court error  ed in motion to

seek appointment of counsels direct request.    _____,

_____ in the above named case, hereby appeal to the United States Court

of Appeals for the Tenth Circuit from the __order dismissing plaintiff's as representatives of

themselves__and or denying certification of a class action_____ entered in this action on the

_21_____ day of _August                    _____, 2012_____.

Dated ____8/21/12_____                    _____

Signature

Printed Name  James M. Bertolo et,al 142464

Address: P.O. Box 1010 7-1-L #12

| City: | State | Zip 81215 |
|---|---|---|
| Canon City | Colorado | |

Telephone Number  N/A

Colorado Department Of Corrections

Name   James m .Bertolo

Register Number   142404

Unit   7-1-L#12

Box Number   1010

City, State, Zip   Canon City Colorado 81215

LEGAL Mail

United States Court of Appeals
10th Judicial Circuit
1823 Stout Street
Denver, Colorado 80257

FACILITY CTCF

DATE REC'D 9-4-12

STAFF LAST NAME CRANE

ID # 10792

OFFENDER LAST NAME Bertolo

DOC # 140414