IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01763-BNB

JAMES M. BERTOLO,

     Plaintiff,

v.

JOHN HICKENLOOPER, Governor Colorado,
GLEN TAPIA, M.P.A. Offices of Community Corrections,
TOM CLEMENTS, Director, Colorado Department of Corrections,
COLORADO DEPARTMENT OF CORRECTIONS, Facilities, Programs, Staff, Medical
     Staff, Censorship Staff, Staff in General, Committees,
CTCF,
CTCF SEX OFFENDER TREATMENT MANAGEMENT BOARD (SOTMP),
ROBBIE BOLTON,
HONORABLE THOMAS KENNEDY, Chairman, Sex Offender Management Board
     (SOMB),
DIRECTORS CONTRACT WORKERS,
ALL CDOC CURRENT AND FORMER READING COMMITTEE MEMBERS,
ALL FORMER AND CURRENT MAIL ROOM STAFF FOR CDOC, CTCF,
ALL CDOC DIRECTORS STAFF OF PROGRAMS/ACTIVITIES/RECREATIONAL
     WORKERS, and
JOHN AND JANE DOES, and Certain CTCF, CDOC staff to be named,

     Defendants.

_____

ORDER DISMISSING CASE
_____

     Mr. Bertolo and twenty-nine other inmates initiated this action, *pro se*, on July 6,

2012, by filing a purported "Class Action Prisoner's Complaint" [ECF # 1].  The district

judge dismissed all plaintiffs other than Mr. Bertolo and denied class certification.  *See*

Order [ECF # 16; filed 7/13/2012].  Subsequently, on August 31, 2012, counsel entered

his appearance for Mr. Bertolo.  [ECF # 55].  Magistrate Judge Boyd N. Boland held a

status conference on September 27, 2012, and issued an order to show cause after

Plaintiff's counsel failed to appear.  [ECF ## 78, 79].  At the November 1, 2012 show cause hearing, Magistrate Judge Boland directed Plaintiff, through counsel, to file an amended complaint by December 3, 2012. [ECF # 85; 11/1/2012 Minute Order]. Plaintiff thereafter was granted an extension of time to January 10, 2013 to file an amended complaint. [ECF # 88; 12/3/12 Minute Order].

On January 7, 2013, Plaintiff's counsel filed an Unopposed Motion to Dismiss [ECF # 90], stating that it was not in the Plaintiff's best interests to proceed at this time.

Fed. R. Civ. P. 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  No answer or motion for summary judgment has been filed by Defendants in this action.  Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).  The letter, therefore, closes the file as of January 7, 2013.  *See Hyde Constr. Co.*, 388 F.2d at 507.  Accordingly, it is

ORDERED that the action is dismissed pursuant to Fed. R. Civ. P. 41(a)(1).  It is

FURTHER ORDERED that the voluntary dismissal is without prejudice and is effective as of January 7, 2013, the date Plaintiff filed the Unopposed Motion to Dismiss in this action.

DATED at Denver, Colorado, this 15th day of January, 2013.

BY THE COURT:

  s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court